UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 15-80565-WRS |
| | Chapter 13 |
| KIMBERLY T. PATTEN, | |
|     Debtor | |
| KIMBERLY T. PATTEN, | |
|     Plaintiff | Adv. Pro. No. 15-8048-WRS |
|   v. | |
| COASTAL CREDIT LLC, | |
|     Defendant | |

## MEMORANDUM DECISION

This adversary proceeding is before the Court on Plaintiff Kimberly Patten's motion for summary judgment. (Doc. 8). Plaintiff seeks a determination that Defendant Coastal Credit, LLC is liable for willful violations of the automatic stay. Defendant has filed a response opposing summary judgment, and Plaintiff has filed a reply. (Docs. 12 & 14). For the reasons set forth below, Plaintiff's motion for summary judgment is DENIED.

## I. FACTS & PROCEDURAL HISTORY

As this Court is considering a motion for summary judgment, the following facts are taken from the documents referenced in Plaintiff's motion and Defendant's response.

Plaintiff Kimberly Patten ("Patten") filed Chapter 13 bankruptcy on May 1, 2015. (Case No. 15-80565, Doc. 1). The Clerk of Court mailed notice of the bankruptcy to Defendant

Coastal Credit, LLC ("Coastal Credit") on May 6, 2015, (Case No. 15-80565, Doc. 12), which Coastal Credit received on May 11. (Doc. 8, Ex. C). Coastal Credit filed a proof of claim in Patten's bankruptcy for $16,440.21 that is secured by a 2013 Chrysler 200, which Patten is paying for through her confirmed plan. (Case No. 15-8-565, Docs. 4 & 24, Claim 13); *see also* 11 U.S.C. § 1325(a)(5)(B).

On August 21, 2015, Financial Statement Services, Inc. ("FSSI"), a third-party to this proceeding, mailed Patten a monthly statement noting that she owed $2,091.05, of which $1,680.88 was designated as past due, and that the payment was due September 6, 2015. (Doc. 8, Ex. A). On September 21, 2015, Coastal Credit mailed Patten a second monthly statement indicating that she owed $282, of which $141 was past due, and that payment was due October 6, 2015. (Doc. 8, Ex. B). Each statement was sent on Coastal Credit's letterhead. (Doc. 8, Ex. A & B). At the bottom of the second page of each statement was the following small-print disclaimer:

> **Important Bankruptcy Information:** If your account is subject to pending bankruptcy proceeding, or if you received a bankruptcy discharge, this statement is for informational purposes and is not an attempt to collect a debt or to impose personal liability.

(Doc. 8, Ex. A & B) (bold type in original). Coastal Credit indicated in its responses to Patten's interrogatories that these statements were sent "in error due to an update to [its] computer system." (Doc. 8, Ex. C).

-2-

Case 15-08048    Doc 15    Filed 05/18/16    Entered 05/18/16 11:47:11    Desc Main
                      Document      Page 2 of 7

Patten sued Coastal Credit for willfully violating the automatic stay in her bankruptcy case on October 2, 2015. (Doc. 1). After Coastal Credit answered and the partied engaged in discovery, Patten filed the instant motion for summary judgment as to liability. (Doc. 8).

## II. ANALYSIS

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and the District Court's General Order of Reference dated April 25, 1985. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### A. Willful Violations of the Automatic Stay

Section 362(k)(1) of the Bankruptcy Code authorizes the award of actual and punitive damages for willful violations of the automatic stay. Vaughn v. Cent. Miss. Credit Corp. (In re Vaughn), 542 B.R. 589, 598 (Bankr. M.D. Ala. 2015). The plaintiff in such an action has the burden of proving the violation, the defendant's willfulness, and the plaintiff's injury by a preponderance of the evidence. Id. (citing Grine v. Chambers (In re Grine), 439 B.R. 461, 466 (Bankr. N.D. Ohio 2010)). "Violations of the automatic stay are willful 'if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless of whether the violator specifically intended to violate the stay.'" Id. (quoting Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.), 92 F.3d 1539, 1555 (11th Cir. 1996)).

Case 15-08048    Doc 15    Filed 05/18/16    Entered 05/18/16 11:47:11    Desc Main
Document      Page 3 of 7

## B. Standard of Review

Motions for summary judgment are governed by FED. R. CIV. P. 56(a), as incorporated by FED. R. BANKR. P. 7056. Rule 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one "that might affect the outcome of the suit under governing law. . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

The party seeking summary judgment is responsible for submitting evidence demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The [bankruptcy] court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in [its] favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

## C. Evidence Supporting Patten's Motion

Because Patten would bear the burden of proof at trial, she "must support [her] motion with credible evidence that would entitle [her] to a directed verdict if not controverted at trial." Id. (internal quotation marks omitted). She must inform the Court "of the basis for [her] motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which [she] believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323 (internal quotation

marks omitted); *see also* FED. R. CIV. P. 56(c)(1)(A) (movant may also rely on documents, electronically stored information, and stipulations).

Patten has made a prima facie showing that Coastal Credit is liable for violating the automatic stay. Despite the small-print bankruptcy disclaimer on the back of the monthly statements, the statements appear to be attempts to either recover on Coastal Credit's pre-petition claim or enforce its lien against Patten's vehicle. *See* 11 U.S.C. §§ 362(a)(3)-(6) (imposing a stay against such acts). Coastal Credit clearly had notice of the bankruptcy, and the presence of Coastal Credit's letterhead suggests that it either sent the statements itself or that a third-party did so at its behest. (Doc. 8, Ex. A, B, & C).

### D. Evidence Supporting Coastal Credit's Rebuttal

Because Patten has made a prima facie showing of entitlement to summary judgment on issues for which she bears the burden of proof, Coastal Credit "must come forward with evidence sufficient to call into question the inference created by [Patten]'s evidence on the particular material fact." Fitzpatrick, 2 F.3d at 1116. In doing so, Coastal Credit must do more than summarily deny the allegations or merely "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It "must come forward with specific facts showing that there is a *genuine issue for trial*." Id. at 587 (emphasis in original, internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id.

Case 15-08048    Doc 15    Filed 05/18/16    Entered 05/18/16 11:47:11    Desc Main
Document      Page 5 of 7

Coastal Credit submitted a memorandum of law without any evidence to support its position on the issue of liability.[1] (Doc. 12). However, the Court may also consider Coastal Credit's references to the materials submitted by Patten in determining whether there is a genuine dispute of material fact as to an essential element of her case. *See* Owens v. Ky. Higher Educ. Assistance Auth. (In re Owens), 2015 WL 300518, *2 (Bankr. M.D. Ala. Jun. 22, 2015) (considering the movant's materials when the non-movant failed to provide any materials).

Although noting the bankruptcy disclaimers in the monthly statements, Coastal Credit primarily attacks the inference that its violation was willful. It points to its interrogatory responses in which it noted that the statements were sent by FSSI as a result of a computer error. (Doc. 8, Ex. C). Viewing that evidence in the light most favorable to Coastal Credit, as the Court must do at this procedural posture, the Court concludes that Coastal Credit has raised a genuine dispute of material fact on an essential element of Patten's claim. Coastal Credit's evidence raises an inference that it did not intend the action – the mailing of the monthly statements – that violated the automatic stay, which negates any inference that the violations were willful.

Patten attempts to undercut this evidence by referring to Coastal Credit's account notes for her debt, specifically pointing out that her bankruptcy attorney called Coastal Credit and notified it of the bankruptcy, and that the notes indicate that Patten changed phone numbers and her place of employment. (Doc. 14). This evidence is vague at best. More importantly, Patten is

---

[1] Coastal Credit attached as an exhibit Patten's amended Schedule B, valuing the lawsuit at $790. (Doc. 12, Ex. A). Since Patten only seeks summary judgment as to liability, and requests a separate evidentiary hearing to determine damages, her Schedule B is irrelevant to the merits of her motion for summary judgment.

inviting the Court to weigh conflicting evidence when the Court is not at liberty to do so on a motion for summary judgment. *See* Fitzpatrick, 2 F.3d at 1115. That is a matter best left for trial.

### III. CONCLUSION

Plaintiff Kimberly Patten has failed to prove that there is an absence of genuine dispute as to a material fact in this case. Therefore, she is not entitled to summary judgment. The Court will enter an order consistent with this opinion.

Done this 18th day of May, 2016.

*/s/ William R. Sawyer*

United States Bankruptcy Judge

c: Anthony B. Bush, Attorney for Plaintiff
  T. Marie Pardue, Attorney for Defendant